## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Victor Bondi, on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| v. | Case No.: 1:18-cv-1101 |
| L.L. Bean, Inc., a Maine corporation, | **CLASS ACTION** |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Victor Bondi ("Plaintiff"), on behalf of himself and all others similarly situated, upon personal knowledge of facts pertaining to him and information and belief as to all other matters, by and through undersigned counsel, hereby brings this Class Action Complaint against defendant L.L. Bean, Inc. ("L.L. Bean" or "Defendant").

## INTRODUCTION

1.    L.L. Bean has built a brand on the basis of its century-old warranty, which it touts as a "100% Satisfaction Guarantee" (the "warranty" or "guarantee"). Until recently, L.L. Bean's website stated: "Our products are guaranteed to give 100% satisfaction in every way. Return anything purchased from us at any time if it proves otherwise. We do not want you to have anything from L.L. Bean that is not completely satisfactory."

2.    On February 9, 2018, L.L. Bean announced their policy, a well-known and highly publicized warranty, which had formed the basis of the bargain for purchasers of L.L. Bean goods for nearly a century, would be rescinded immediately and replaced with a limited one-year warranty subject to numerous exceptions and qualifications.

3.      As a result of L.L. Bean's deceptive and unfair breaking of its promises and violation of the Magnuson Moss Warranty Act and other laws, Plaintiff and all other L.L. Bean customers did not receive what they bargained for.

4.      Plaintiff brings this action on behalf of himself and all others similarly situated, to recover their lost benefit of the bargain attributable to L.L. Bean's repudiation of its warranty, or in the alternative, to require L.L. Bean to honor the terms of its warranty that was the basis of the bargain, and a declaration that (1) L.L. Bean's repudiation of the warranty is a violation of the law and a breach of warranty between L.L. Bean and Plaintiff and the other Class members and (2) L.L. Bean must provide corrective notice to all potential customers about the change in its warranty.

## JURISDICTION AND VENUE

5.      The Court has original jurisdiction under 28 U.S.C. § 1332(d) because the case is brought as a class action under Fed. R. Civ. P. 23, at least one proposed class member is of diverse citizenship from Defendant, the proposed Class includes more than 100 members, and the aggregate amount in controversy exceeds five million dollars, excluding interest and costs.

6.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendant engaged in substantial conduct relevant to Plaintiff's claims within this District and has caused harm to Class members residing within this District.

## PARTIES

7.      Plaintiff Victor Bondi is a citizen of the State of Illinois. Victor Bondi is a loyal customer of L.L. Bean products and has been a customer for years. Among the items he has purchased from L.L. Bean are Bean boots purchased at a L.L. Bean retail location in South

Barrington, Illinois in 2017. L.L. Bean's warranty formed the basis of the bargain for all of Bondi's purchases.

8.      Defendant L.L. Bean, Inc. is a corporation organized under the laws of Maine with its principal place of business in Freeport, Maine.

## BACKGROUND FACTS

9.      For more than a century, L.L. Bean's 100% Satisfaction Guarantee has been a pillar of its brand. It has garnered substantial good will and brand awareness because of its generous, unchanging, no conditions, no-end-date warranty. L.L. Bean has worked hard to inform customers of its warranty for many years and has enjoyed substantial revenues because of it.

10.     L.L. Bean.com has explained the following about its easy return and exchanges:

> We make pieces that last, and if they don't, we want to know about it. So if it's not working or fitting or standing up to its task, we'll take it back. L.L. himself always said that he "didn't consider a sale complete until goods are worn out and the customer still satisfied."
>
> …
>
> Our Guarantee: Our products are guaranteed to give 100% satisfaction in every way. Return anything purchased from us at any time if it proves otherwise. We do not want you to have anything from L.L. Bean that is not completely satisfactory.[1]

11.     The warranty, promising that there are "no conditions" and there is "no end date" has been a core component of L.L. Bean's marketing and has been emblazoned prominently on many L.L. Bean catalog covers:

---

[1] The quotes are taken from an Internet archive of L.L. Bean's website on April 27, 2016. https://web.archive.org/web/20160427075346/http://www.llbean.com:80/llb/shop/510624?nav=ftlink (last visited Feb. 12, 2018).

3





12.    The warranty has appeared prominently behind the registers at L.L. Bean stores.

13.    According to Esquire magazine in April of 2014, L.L. Bean has "the most famous guarantee around and it's 100 percent legit, for life, for sure. Return *any* L.L. Bean product, anytime, ever. For real."[2]

14.    Shawn O. Gorman, L.L. Bean's Executive Chairman has in fact observed in a post on February 9, 2018, posted to L.L. Bean's Facebook account, "[o]ur commitment to customer service has earned us your trust and respect, as has our guarantee, which ensures that we stand behind everything we sell."

15.    In a National Public Radio article published on September 25, 2013, L.L. Bean's then Chief Marketing Officer expressed no reservations about the warranty, claiming that it is "great marketing for the company." He stated further that "he's never been in a meeting where someone questioned the value of the guarantee. The only question he gets is whether the company talks about it enough."[3]

16.    Although the warranty promised to have "no end date" and there had not been one since 1912, on February 9, 2018, L.L. Bean announced without forewarning that a new warranty had been made that would limit returns to one year after the date of purchase, and proof of purchase would be required.

17.    Plaintiff and the other Class members bought merchandise from L.L. Bean with the warranty with no end date. The warranty was a basis of the bargain with the sale of L.L. Bean products. Because of L.L. Bean's unilateral refusal to honor its warranty, Plaintiff and the other Class members were harmed, and have been deprived of the benefit of the bargain.

---

[2]    http://www.esquire.com/style/mens-fashion/a28329/esquire-approved-lifetime-guarantees-041514/ (last visited Feb. 9, 2018).
[3]    https://www.npr.org/sections/money/2013/09/25/223787129/what-happens-when-a-store-lets-customers-return-whatever-they-want (last visited Feb. 9, 2018).

18.     Plaintiff, on behalf of himself and all others similarly situated, seeks to recover damages and, alternatively, requests an order that L.L. Bean honor the warranty as warranted. Plaintiff also seeks declaratory relief and corrective advertising regarding the changes to the warranty. Plaintiff brings claims under the Magnuson Moss Warranty Act, the Illinois Consumer Fraud Act, for breach of warranty, unjust enrichment, and declaratory relief.

## CLASS ALLEGATIONS

19.     This action is brought as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and 23(b)(2), on behalf of a National Class defined as follows:

> All persons and entities who purchased goods from L.L. Bean prior to February 9, 2018.

Excluded from the Class are: (i) Defendant and its officers and directors, agents, affiliates, subsidiaries, authorized distributors and dealers, (ii) all Class Members that timely and validly request exclusion from the Class, (iii) the Judge presiding over this action, and (iv) governmental entities.

20.     This action is also brought as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of an Illinois Sub-class defined as follows:

> All persons and entities who reside in Illinois and who purchased goods from L.L. Bean prior to February 9, 2018.

Excluded from the Illinois Sub-class are: (i) Defendant and its officers and directors, agents, affiliates, subsidiaries, authorized distributors and dealers, (ii) all Illinois Sub-class Members that timely and validly request exclusion from the Illinois Sub-class, (iii) the Judge presiding over this action, and (iv) governmental entities.

21.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as

would be used to prove those elements in individual actions alleging the same claims.

22.     The members of the Classes are so numerous that joinder of the Class members would be impracticable. On information and belief, Class members number in the thousands. The precise number of Class members and their addresses are presently unknown to Plaintiff, but may be ascertained from Defendant's records.

23.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Such common questions of law or fact include, *inter alia*:

    a.     whether Defendant engaged in the conduct alleged herein;

    b.     whether Defendant's warranty formed a basis of the bargain between Plaintiff and the other Class members and Defendant;

    c.     whether Defendant breached express warranties with Plaintiff and the other Class members when it announced its warranty would no longer be honored;

    d.     whether Defendant's conduct violated the Magnuson Moss Warranty Act;

    e.     whether Defendant's conduct violated the Illinois Consumer Fraud Act;

    f.     whether Plaintiff and other Class members were deprived of the benefit of the bargain as a result of the conduct alleged herein;

    g.     whether Plaintiff and the other Class members have been damaged and, if so, the extent of such damages; and

    h.     whether Plaintiff and the other Class members are entitled to equitable and declaratory relief, including but not limited to, restitution and injunctive relief.

24.     Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action.

8

25. Plaintiff's claims are typical of the claims of the other Class members because, among other things, Plaintiff and the other Class members were injured through the substantially uniform misconduct described above. Plaintiff is advancing the same claims and legal theories on behalf of himself and all other Class members, and no defense is available to Defendant that is unique to Plaintiff.

26. Plaintiff is an adequate Class representative because he will fairly represent the interests of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting consumer class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Classes they represent, and have the resources to do so. Neither Plaintiff nor his counsel has any interest adverse or antagonistic to those of the Classes.

27. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system should not be required to undertake such an unnecessary burden. Individualized litigation would also create a potential for inconsistent or contradictory judgments, and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## CAUSES OF ACTION

### COUNT I
### Violation of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*
### (On behalf of the National Class)

28.     Plaintiff realleges and incorporates by reference paragraphs 1–27 as if fully set forth herein.

29.     Plaintiff is a "consumer" within the meaning of the Magnuson Moss Warranty Act, 15 U.S.C. § 2301(3).

30.     Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)–(5).

31.     L.L. Bean sells "consumer products" within the meaning of the Magnuson Moss Warranty Act, 15 U.S.C. § 2301(1).

32.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer that is damaged by the failure of a warrantor to comply with a written warranty.

33.     Defendant's representations as described herein that Plaintiff and other Class members would be able to return merchandise for any reason at any time is a written warranty within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).

34.     The warranty formed a basis of the bargain.

35.     Defendant failed to comply with the warranty as described herein. On February 9, 2018, L.L. Bean announced that it would refuse to honor the warranty.

36.     Defendant knew, or should have known, of its misrepresentations regarding the indefinite warranty were material and formed the basis of the bargain between Plaintiff and the Class and Defendant, yet proceeded with its decision to renounce its warranty.

37. Plaintiff and Class members were damaged as a result of Defendant's breach of written warranty, and they were deprived of their benefit of the bargain.

## COUNT II
## Breach of Express Warranty
### (On behalf of the National Class)

38. Plaintiff realleges and incorporates by reference paragraphs 1–27 as if fully set forth herein.

39. Plaintiff and other Class members formed a contract with L.L. Bean at the time they purchased their goods from L.L. Bean. The terms of the contract include the promises and affirmations of fact and express warranties made by L.L. Bean.

40. L.L. Bean's warranty provides that customers can return any item at any time for any reason, and Plaintiff and Class members purchased goods under this warranty.

41. The warranty formed a basis of the bargain.

42. L.L. Bean announced it will no longer honor the warranty.

43. All conditions precedent have been performed or occurred.

44. Defendant has actual knowledge that it breached express warranties with Plaintiff and the other Class members.

45. Defendant breached the terms of the express warranties with Plaintiff and other Class members by unilaterally and immediately repudiating the warranty.

46. As the foreseeable and actual result of Defendant's breach of express warranty, Plaintiff and the other Class members were deprived of the benefit of the bargain as a result of no longer being able to use the warranty.

**COUNT III**
**Violation of the Illinois Consumer Fraud Act**
**(On behalf of the Illinois Sub-class)**

47.     Plaintiff realleges and incorporates by reference paragraphs 1–27 as if fully set forth herein.

48.     The Illinois Consumer Fraud Act prohibits unfair and deceptive acts or practices in the conduct of trade or commerce. 815 Ill. Comp. Stat. 505/2.

49.     Plaintiff and other Class members are consumers that purchased goods from L.L. Bean.

50.     Defendant's conduct, as described above, in unilaterally and immediately revoking its warranty constitutes an unfair practice.

51.     A reasonable consumer would consider the warranty to be important when making a decision whether to purchase goods from L.L. Bean.

52.     Defendant's practices offended public policy, were immoral, unethical, oppressive, and unscrupulous, and caused substantial injury to consumers.

53.     Defendant's unfair and deceptive acts or practices were the foreseeable and actual cause of Plaintiff and other Class members suffering actual damage on account of receiving products that are worth less than as represented.

54.     Plaintiff and the other Class members paid a particular price for L.L. Bean merchandise and a warranty with certain terms. When L.L. Bean announced those terms would be dishonored, Plaintiff and the other Class members were deprived of their benefit of the bargain.

## COUNT IV
## <u>Unjust Enrichment</u>
### (On behalf of the National Class)

55.     Plaintiff realleges and incorporates by reference paragraphs 1–27 as if fully set forth herein.

56.     Defendant has been unjustly enriched to Plaintiff's and the Class members' detriment as a result of its unlawful and wrongful retention of money conferred by Plaintiff and the Class members, such that Defendant's retention of their money would be inequitable.

57.     Defendant's unlawful and wrongful acts, as alleged above, enabled Defendant to unlawfully receive monies it would not have otherwise obtained.

58.     Plaintiff and the Class members have conferred benefits on Defendant, which Defendant has knowingly accepted and retained.

59.     Defendant's retention of the benefits conferred by Plaintiff and the Class members would be against fundamental principles of justice, equity, and good conscience.

60.     Plaintiff and the Class members seek to recover the benefits conferred and wrongfully retained, to disgorge Defendant's unlawfully retained profits and other benefits resulting from its unlawful conduct, and seek restitution and rescission for the benefit of Plaintiff and the Class members.

61.     Plaintiff and the Class members are entitled to the imposition of a constructive trust upon Defendant, such that its unjustly retained profits and other benefits are distributed equitably by the Court to and for the benefit of Plaintiff and the Class members.

**COUNT V**
**Declaratory Relief**
**(On behalf of the National Class)**

62.     Plaintiff realleges and incorporates by reference paragraphs 1–27 as if fully set forth herein.

63.     Pursuant to 28 U.S.C. § 2201, the Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

64.     Defendant marketed, distributed, and sold its products with the warranty, as described herein.

65.     On February 9, 2018, L.L. Bean publicly announced that it was no longer honoring the warranty and was instead imposing a new limited, one-year warranty subject to numerous exceptions and qualifications.

66.     As a result of L.L. Bean's conduct, Plaintiff and the other Class members who purchased L.L. Bean products and the warranty are deprived of the benefit of the bargain. Accordingly, Plaintiff seeks entry of the following declarations: (1) L.L. Bean's February 9, 2018 announcement that it would no longer honor its warranty with no end date or questions asked constitutes a breach of warranty; (2) L.L. Bean must continue to honor the warranty with no end date and no questions asked as to goods purchased prior to February 9, 2018; and (3) L.L. Bean must provide the best notice practicable under the circumstances designed to reach past and future L.L. Bean customers, and corrective advertising regarding the changes to its warranty, including a prominent one-page notification in its catalog for each edition distributed prior to February 9, 2019, and notification to each customer at the point of sale that products may be returned within one year for a refund, and, after one year, the item may be returned only if it is defective due to

materials or craftsmanship, and that proof of purchase to honor the refund is required for any return.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A. Certifying the Classes under Federal Rule of Civil Procedure 23 as requested herein;

B. Appointing Plaintiff as Class Representative and undersigned counsel as Class Counsel;

C. Finding that Defendant engaged in the unlawful conduct as alleged herein;

D. Awarding Plaintiff and the other Class members actual, compensatory, and consequential damages;

E. Awarding Plaintiff and the other Class members statutory damages;

F. Awarding Plaintiff and the other Class members declaratory and injunctive relief;

G. Awarding Plaintiff and the other Class members restitution and disgorgement;

H. Awarding Plaintiff and the other Class members exemplary damages, should the finder of fact determine that Defendant acted with malice or oppression;

I. Awarding Plaintiff and the other Class members pre-judgment and post-judgment interest on all amounts awarded;

J. Awarding Plaintiff and the other Class members reasonable attorneys' fees, costs, and expenses; and

K. Granting such other relief as the Court deems just and appropriate.

## **JURY TRIAL DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on all claims so triable.

DATED:     February 12, 2018              Respectfully submitted,

                                          s/  Ben Barnow

                                          Ben Barnow
                                          Erich P. Schork
                                          Jeffrey Blake
                                          Anthony Parkhill
                                          BARNOW AND ASSOCIATES, P.C.
                                          1 North LaSalle Street, Suite 4600
                                          Chicago, Illinois 60602
                                          (312) 621-2000 (p)
                                          (312) 641-5504 (f)
                                          b.barnow@barnowlaw.com
                                          e.schork@barnowlaw.com
                                          j.blake@barnowlaw.com
                                          aparkhill@barnowlaw.com

                                          *Plaintiff's Counsel*