IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR BONDI, on behalf of himself and all others similarly situated, ) ) ) | | |
| Plaintiff ) | Case No. | 18 C 1101 |
| ) v. ) ) | | |
| ) L.L. BEAN, INC., ) ) | Judge Robert W. Gettleman | |
| Defendant. ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Victor Bondi, on behalf of himself and all others similarly situated, has brought a five count putative class action complaint against defendant L.L. Bean, Inc. alleging: (1) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. ("MMWA"); (2) breach of express warranty; (3) violations of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2; (4) unjust enrichment; and (5) declaratory relief. Plaintiff seeks to represent a national class of all persons or entities who or that purchased goods from defendant prior to February 9, 2018, and an Illinois subclass consisting of all persons or entities who or that reside in Illinois and purchased goods from defendant prior to February 9, 2018. Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of standing, or in the alternative under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons described below, defendant's motion is granted.

## BACKGROUND

Plaintiff claims that he is a loyal customer of defendant. According to the complaint defendant has built a brand on the basis of its "century-old warranty," which it touts as a "100% Satisfaction Guarantee" ( the "old warranty"). Plaintiff claims to have purchased a pair of boots from defendant in 2017. He asserts that the warranty formed the basis of the bargain for all of his purchases.

On February 9, 2018, defendant issued a statement to its customers. Three days later plaintiff filed the instant action alleging that this statement indicates that the old warranty would be "rescinded immediately and replaced with a limited one-year warranty subject to numerous exceptions and qualifications." The complaint further alleges that "a new warranty had been made that would limit returns to one year after the date of purchase, and proof of purchase would be required." Plaintiff claims that he and class members have been harmed by losing the benefit of their bargain because of "L.L. Bean's unilateral refusal to honor its warranty . . .." Plaintiff seeks damages and an order that defendant honor the warranty. He also seeks declaratory relief and corrective advertising.

## DISCUSSION

Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), arguing that plaintiff lacks standing to bring his claims. Under Rule 12(b)(1), a court must dismiss any action for which it lacks subject matter jurisdiction. Like a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in plaintiff's favor. Scanlan v. Eisenberg, 669 F.3d 838, 841 (7th Cir. 2012). Plaintiff, however, bears the burden of establishing that the elements necessary for jurisdiction,

including standing, have been met. Id. at 841-42. In ruling on a Rule 12(b)(1) motion, the court may look beyond the allegations of the complaint and consider whatever evidence has been submitted on the issue of jurisdiction. Mutter v. Madigan, 2014 WL 562017, *2 (N.D. Ill. Feb. 13, 2014).

Article III of the Constitution limits federal jurisdiction to certain cases and controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Article III standing has three elements: (1) the plaintiff must have suffered an injury in fact, an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be redressable by a favorable decision. Id. at 560-61.

Defendant argues that plaintiff has failed to establish that he has suffered a concrete and particularized injury because he has not alleged that he has tried to return any product that he purchased from defendant prior to February 9, 2018, let alone alleging that those efforts have been denied. Indeed, plaintiff has not alleged that he was or is dissatisfied with any product he purchased from defendant.

Plaintiff counters that part of what he and the other putative class members paid for was the "100% Satisfaction Guarantee," and that he was injured when on February 9, 2018, defendant unilaterally repudiated that guarantee depriving plaintiff of the premium he paid for it. Relying on Muir v. Playtex Products, LLC, 983 F. Supp.2d 980, 986 (N.D. Ill. 2013), plaintiff argues that defendant's repudiation caused his injury, and that the injury may be redressed by money damages. In Muir, however, the plaintiff had alleged that but for the defendant's allegedly fraudulent statements he would not have purchased the product in question. Plaintiff makes no

3

such allegation in the instant case – he has not alleged that he would not have purchased his boots had they come with a different warranty. Nevertheless, plaintiff argues that defendant's wrongful repudiation of the old warranty deprived him of a chance at a future benefit. He cites to Weigel v. Stork Craft Manufacturing, Inc., 2010 WL 3894386 (N.D. Ill. June 10, 2010), arguing that he can seek damages for the diminished value of the product he purchased. In Weigel, however, the plaintiff was allowed to seek damages because the product purchased, a crib, had been declared unsafe and consumers were told not to use it In the instant case, plaintiff is not alleging that his boots have a diminished value, or are not usable as a result of the alleged change in warranty. Therefore, he has not alleged that he personally has been injured in any way. Therefore, any injury that he may suffer, if at some point in the future he becomes dissatisfied with his boots, is purely speculative, conjectural, and hypothetical, and insufficient to establish Article III standing.

Moreover, even if plaintiff could establish standing, the complaint also fails to state a claim. Because plaintiff has not alleged that he is dissatisfied with is boots or that he tried to exercise the old warranty and was rejected, his entire case rests on his claim that the February 9, 2018, statement was an anticipatory repudiation of the warranty. As noted, the complaint describes defendant's statement as claiming that the old warranty was "rescinded immediately and replaced with a limited one- year warranty subject to numerous exceptions and qualifications," and that "[o]n February 9, 2018, defendant announced that it would refuse to honor the warranty." The complaint does not, however, actually quote the announcement. The actual language of the "Letter to Our Customers," which defendant has provided and with which the plaintiff agrees the court may consider, provides:

> Since 1912, our mission has been to sell high-quality products that inspire and enable people to enjoy the outdoors. Our commitment to customer service has

4

earned us your trust and respect, as has our guarantee, which ensures that we stand behind everything we sell.

Increasingly, a small, but growing number of customers has been interpreting our guarantee well beyond its original intent. Some view it as a lifetime product replacement program, expecting refunds for heavily worn products used over many years. Others seek refunds for products that have been purchased through third parties, such as at yard sales.

Based on these experiences, we have updated our policy. Customers will have one year after purchasing an item to return it, accompanied by proof of purchase. After one year, we will work with our customers to reach a fair solution if a product is defective in any way.

This update adds clarity to our policy and will only affect a small percentage of returns. It will also ensure we can continue to honor one of the best guarantees in retail, with no impact for the vast majority of our customers. To learn more, please view our full return policy at llbean.com.

L.L.Bean has stood for quality, service, trust, and getting people outdoors ever since my great-grandfather founded our company over 100 years ago - and that will never change. Thank you for being a loyal customer and we look forward to continuing to inspire and enable you to Be an Outsider.

Under Illinois law, which the parties apparently agree applies to plaintiff's breach of warranty claim, a party commits an anticipatory repudiation when it clearly "manifests an intent not to perform the contract on the date of performance." In re Marriage of Olsen, 124 Ill.2d 19, 24 (1988). The failure of the breaching party "must be a total one which defeats or renders unattainable the object of the contract," and the "intention must be a definite and unequivocal manifestation that he will not render the promised performance when the time fixed for it in the contract arrives. Doubtful and indefinite statements that performance may or may not take place are not enough to constitute anticipatory repudiation." Id. (internal citations omitted).

Contrary to plaintiff's descriptions, the actual language of defendant's February 9, 2018, statement contains no definite, unequivocal manifestation of an intent to no longer honor the old

warranty for items purchased before February 9, 2018. Indeed, a more reasonable interpretation is that defendant has created a new policy for items purchased after February 9, 2018. And, even if it could be interpreted to mean that defendant was applying the "new" policy retroactively, this statement is at most ambiguous on this point. Ambiguity, however, does not amount to anticipatory repudiation. An unequivocal manifestation is required, and this statement does not meet that standard.[1]

Consequently, the court concludes that plaintiff has failed to state a claim for breach of warranty. This failure also dooms plaintiff's MMWA claim. See Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 405 (7th Cir. 2004) (the MMWA "allows consumers to enforce written and implied warranties in federal court barring state law causes of action."). AS a result, neither Count I or nor Count II state a claim.

Plaintiff also fails to state a claim under the ICFA, which proscribes both deceptive and unfair practices. To state a claim under the ICFA for deceptive practices, plaintiff must allege: (1) a deceptive act or practice by defendant; (2) defendant's intent that plaintiff rely on the deception; (3) the occurrence of the deception in the course of conduct involving trade or commerce; and (4) actual damage to plaintiff proximately caused by the deception. Avery v. State Farm Mutual Auto Insurance Co., 216 Ill.2d 100, 180 (2005). To determine whether a

---

[1] Defendant argues that it has cleared any ambiguity, citing to and asking the court to take judicial notice of a February 9, 2018 *Business Insider* article that indicates that the old rules are still in effect for items purchased before February 9. The court declines to take judicial notice of statements made in a newspaper article. See Bardney v. United States, 151 F.3d 1032 (1998). If defendant truly applies the old rules to past purchases, it should have submitted a sworn affidavit or some other admissible evidence to that effect. Nevertheless, defendant confirmed in open court at the April 12, 2018, motion hearing (tr. p.2) and again in its reply brief in support of its motion to dismiss, that the new warranty policy applies only to goods purchased after February 9, 2018.

practice is unfair, courts consider whether the defendant's conduct: (1) violates public policy; (2) is immoral, unethical, or unscrupulous; and (3) causes substantial injury to consumers. Robinson v. Toyota Motor Credit Corp., 201 Ill.2d 403, 417-18 (2002).

Although unclear, it appears that plaintiff is attempting to assert claims for both deceptive acts and unfair practices. Both claims, however, are premised entirely on plaintiff's allegation that the February 9, 2018, statement is a repudiation of the old warranty. Because the court has already concluded that the claim fails to allege such a repudiation, both claims fail. The statement, as written, is neither unfair nor deceptive. Additionally, as already noted, plaintiff has not yet incurred any damage. Consequently, the court concludes that plaintiff fails to state a claim under the ICFA and Count III is dismissed.

Count IV purports to allege a claim for unjust enrichment. In Illinois, a claim for unjust enrichment is unavailable if an express contract governs the transaction. Plaintiff's unjust enrichment claim is based on exactly the same conduct that forms the basis of his express warranty claims. And, because there is not dispute as to the existence of a contract, the unjust enrichment claim must be dismissed. Reid v. Unilever U.S., Inc., 964 F.Supp.2d 893, 923 (N.D. Ill. 2013); Shaw v. Hyatt International Corp., 461 F.3d 899, 902 (7th Cir. 2006).

Finally, Count V, for declaratory relief also fails because it is again based on plaintiff's claim of repudiation, which the court has already rejected.

## **CONCLUSION**

For the reasons stated above, defendant's motion to dismiss (Doc. 16) is granted.

**ENTER:    June 28, 2108**

Robert W. Gettleman
United States District Judge