IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR BONDI, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff ) ) | Case No. 18 C 1101 |
| v. ) ) ) | Judge Robert W. Gettleman |
| L.L. BEAN, INC., ) ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Victor Bondi, on behalf of himself and all others similarly situated, has brought a five count amended putative class action complaint ("complaint") against defendant L.L. Bean, Inc. alleging: (1) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. ("MMWA"); (2) breach of express warranty; (3) violations of the Illinois Consumer Fraud Act 815 ILCS 505/2 ("ICFA"); (4) unjust enrichment; and (5) declaratory relief. Plaintiff seeks to represent a national class of "all persons and entities who purchased goods from L.L. Bean prior to February 9, 2018," and an Illinois subclass consisting of "all persons or entities who reside in Illinois and who purchased goods from L.L. Bean prior to February 9, 2018." Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of standing, or, in the alternative, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons described below, defendant's motion is granted.

## BACKGROUND

Plaintiff claims to have been a loyal customer of defendant for years. He has purchased "Bean Boots" in 2017, "Maine Hunting Boots" in 2011, and a belt and brimmed hat in 2017. He claims that defendant's warranty, that allowed him to return his purchases at any time if he was not completely "satisfied," formed the basis of the bargain for all of his purchases. He alleges that he would not have purchased the items without defendant's "100% Satisfaction Guarantee."

According to the complaint, defendant has built a brand and cultivated a reputation for outstanding customer service based on its comprehensive Guarantee (the "old warranty") that plaintiff claims provided:

> Our products are guaranteed to give 100% satisfaction in every way. Return anything purchased from us at any time if it proves otherwise. We do not want you to have anything from L.L. Bean that is not completely satisfactory.

On February 9, 2018, defendant issued a statement to its customers that plaintiff describes as terminating the old warranty and announcing that, effective immediately, "[c]ustomers will have one year after purchasing an item to return it, accompanied by proof of purchase." The complaint further alleges that the return policy on defendant's website has been changed to read:

> If you are not 100% satisfied with one of our products, you may return it within one year of purchase for a refund. After one year, we will consider any items for return that are defective due to materials or craftsmanship.
>
> We require proof of purchase to honor a refund or exchange. If you provide us your information when you check out, we will typically have a record of your purchase. Otherwise, we require a physical receipt.
>
> Please include your proof of purchase with the products you wish to return or exchange and bring it with you to any of our stores, or include it in your package of returned item(s). We will reimburse the original purchase price to either your original method of payment or as a merchandise credit.

**Gift Returns**
We are happy to accept gift returns within one year of purchase when you provide proof of purchase (i.e. a gift receipt), in which case a merchandise credit will be issued for the original selling price. If you don't have a gift receipt, we will still accept your return if the item is unused and unworn with the original packaging, and you will receive a merchandise credit for the last known selling price.

**Special Conditions**
To protect all our customers and make sure that we handle every return or exchange with reasonable fairness, we cannot accept a return or exchange (even within one year of purchase) in certain situations, including:

- Products damaged by misuse, abuse, improper care or negligence, or accidents (including pet damage)
- Products showing excessive wear and tear
- Products lost or damaged due to fire, flood, or natural disaster
- Products with a missing label or label that has been defaced
- Products returned for personal reasons unrelated to product performance or satisfaction
- Products that have been soiled or contaminated, until they have been properly cleaned
- Returns on ammunition either in our stores or through the mail
- On rare occasions, past habitual abuse of our Return Policy

Three days after defendant's February 9, 2018 announcement, plaintiff filed the instant lawsuit.

## DISCUSSION

Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), arguing that plaintiff lacks standing to bring his claims. Under Rule 12(b)(1), a court must dismiss any action for which it lacks subject matter jurisdiction. Like a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in plaintiff's favor. Scanlan v. Eisenberg, 669 F.3d 838, 841 (7th Cir. 2012). Plaintiff, however, bears the burden of establishing that the elements necessary for jurisdiction, including standing, have been met. Id. at 841-42. In ruling on a Rule 12(b)(1) motion, the court

may look beyond the allegations of the complaint and consider whatever evidence has been submitted on the issue of jurisdiction. Mutter v. Madigan, 2014 WL 562017, *2 (N.D. Ill. Feb. 13, 2014).

Article III of the Constitution limits federal jurisdiction to certain cases and controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Article III standing has three elements: (1) the plaintiff must have suffered an injury in fact, an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be redressable by a favorable decision. Id. at 560-61.

Defendant argues that plaintiff has failed to establish that he has suffered an injury in fact that is concrete and particularized. This is not the first time that this court has considered plaintiff's standing. The court dismissed plaintiff's first complaint because he had not demonstrated an injury in fact, concluding that "any injury that he may suffer, if at some point in the future he becomes dissatisfied with his boots, is purely speculative, conjectural, and hypothetical, and insufficient to establish Article III standing." Bondi v. LL. Bean, Inc., 2018 WL 3157712 at, *2 (N.D. Ill. June 28, 2018).

Nothing much has changed. The instant complaint has added nothing to establish that plaintiff has suffered an injury in fact. His claims remain based on the remote possibility that at some unknown time in the future he might become dissatisfied with a purchase, and that defendant might deny him a refund. In particular, he still fails to allege that defendant will not honor his guarantee should he become dissatisfied with a purchase. He does not allege that he is dissatisfied, and has alleged no facts to suggest that he is likely to become dissatisfied in the future.

He has not alleged that he has ever been dissatisfied with a product he has purchased from defendant.

What he does allege is that defendant's new return policy is "dramatically different and less valuable" than what he paid for because the "new" return policy is designed to save millions of dollars. Of course, defendant's motive in adopting a new guarantee or return policy is irrelevant to whether plaintiff has suffered an injury. According to plaintiff, defendant now only accepts returns of products that it can resell. Thus, plaintiff claims that he has been injured because any attempt to return a product will be judged not on his satisfaction but on whether the item can be resold. The documents he cites to, however, do not support this strained construction of defendant's "new" return policy. The documents indicate only that employees should reject a return within one year of purchase for excessive wear and tear if the product is returned beyond its useful life – meaning in a condition that "is not sellable through any liquidation channel (i.e. outlets), otherwise known as destroy/trash. Nothing in the documents indicates that a return based on dissatisfaction is assessed only on whether defendant can resell the product.

Relying on <u>Dubuisson v. Stonebridge Life Ins. Co.</u>, 887 F.3d 567 (2d Cir. 2018), plaintiff argues that he has standing "in the same way an insured sustains an injury without filing a claim, when her insurance policy is unilaterally diminished." The court disagrees. In <u>Dubuisson</u>, the plaintiffs sued the defendant issuer of their insurance policies alleging that the policies were void <u>ab initio</u> or at least voidable because the policies had not been filed with and approved by the New York Department of Insurance. The court simply held that the allegation that plaintiffs had paid premiums for illegal policies was sufficient to show a concrete injury.

5

In the instant case, plaintiff paid for goods that came with a guarantee based on satisfaction. He has not alleged that there is any problem with the goods or that he is unsatisfied with the goods in any way. He has not alleged that defendant has rejected an attempt to return the goods based on his satisfaction or that he has a reason to believe it would do so. Thus, unlike in <u>Dubuission</u>, where the plaintiffs did not receive what they paid for, in the instant case plaintiff got exactly what he sought.

In short, the court concludes that the "injuries" alleged in the amended complaint are no more actual, imminent or concrete than the speculative injuries alleged in the original complaint that the court has already held insufficient to support standing.

Finally, the court notes that this is not the only court that has faced claims based on defendant's February 9, 2018, announcement. To this court's knowledge, every court faced with such claims has held that the plaintiffs lacked standing. See <u>Berger v. L.L. Bean, Inc.</u>, 351 F.Supp.3d 256 (E.D. N.Y. 2018); <u>Shirley v. L.L. Bean, Inc.</u>, No. 18-cv-2641 (YGR) (N.D. Cal. Aug. 15, 2018); <u>Shirley v. L.L. Bean, Inc.</u>, 18-cv-2641 (YGR) (N.D. Cal. March 14, 2019).

## **CONCLUSION**

For the reasons stated above, defendant's motion to dismiss the amended complaint (Doc. 75) is granted.

**ENTER:** **March 20, 2019**

_____
**Robert W. Gettleman**
**United States District Judge**